**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

No. 01-4422

TORI YVETTE SMITH,
*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
James C. Cacheris, Senior District Judge.
(CR-01-146)

Submitted: October 31, 2001

Decided: November 19, 2001

Before MICHAEL and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Sol Z. Rosen, Washington, D.C., for Appellant. Kenneth E. Melson, United States Attorney, Maurice Eitel Stucke, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Tori Yvette Smith was tried and convicted by a magistrate judge[1] of misdemeanor possession of marijuana. The district court affirmed her conviction and sentence.[2] On appeal, Smith alleges that the district court erred by affirming the magistrate judge's decision to deny her motions to suppress her confession and certain evidence seized during a warrantless search of her pocketbook. Specifically, Smith alleges that her confession should have been suppressed because she was not advised of her rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), and that officers should have obtained a warrant prior to searching her pocketbook. Finding no reversible error, we affirm.

We review the magistrate judge's ultimate suppression decision *de novo*, but the underlying factual decisions are reviewed for clear error. *United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992). After reviewing all of the circumstances, we find that *Miranda* warnings were not required because Smith was not in custody when she made her confession. *Stansbury v. California*, 511 U.S. 318, 322 (1994); *United States v. Braxton*, 112 F.3d 777, 781-83 (4th Cir. 1997).[3]

We further find that the magistrate judge and district court properly denied Smith's motion to suppress marijuana found in her pocketbook. Smith did not have a reasonable expectation of privacy after leaving the pocketbook in a locker beyond the twenty-four hour rental period. *United States v. Reyes*, 908 F.2d 281, 285 (8th Cir. 1990). Moreover, Smith abandoned the pocketbook by failing to make any attempt to retrieve it.[4] Finally, it was not unreasonable for officers to inspect what appeared to be abandoned property to determine the

---

[1]*See* 18 U.S.C.A. § 3401 (West Supp. 2001).

[2]*See* 18 U.S.C.A. § 3402 (West Supp. 2001).

[3]We further reject Smith's contention that she was in custody because she was the prime suspect. *See Stansbury*, 511 U.S. at 323-25 (citing *Beckwith v. United States*, 425 U.S. 341 (1976)).

[4]*See Gudema v. Nassau County*, 163 F.3d 717, 722 (2d Cir. 1998) (holding that there is no privacy interest in abandoned property).

owner's identity. *United States v. O'Bryant*, 775 F.2d 1528, 1534 (11th Cir. 1985).

Accordingly, we affirm the district court's order affirming the magistrate judge's denial of Smith's motions to suppress. We further affirm Smith's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and argument would not aid the decisional process.

*AFFIRMED*